UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

B&G EQUIPMENT COMPANY, INC.,

    Plaintiff,

v.                                Case No: 8:19-cv-403-T-36AEP

AIROFOG USA, LLC,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Anthony E. Porcelli on April 5, 2019 (Doc. 31).[1] In the Report and Recommendation (the "R&R"), Magistrate Judge Porcelli recommends that Plaintiff's Motion for Preliminary Injunction be denied.

All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff, B&G Equipment Company, Inc. ("B&G"), filed an objection (Doc. 37) (the "Objection"), to which Defendant Airofog USA, LLC ("Airofog") responded (Doc. 39). Upon consideration of the R&R, the Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, and the Report and Recommendation should be adopted.

    **I.    Background**[2]

B&G brought this action, in part, to seek relief for the ongoing irreparable harm caused by Airofog's breach of a settlement agreement. B&G previously dismissed a lawsuit against Airofog

---

[1] *B&G Equipment Co. Inc., v. Airofog USA, LLC*, 8:19-CV-403-T-36AEP, 2019 WL 1974835, at *1 (M.D. Fla. Apr. 5, 2019).
[2] The Court adopts the facts from the R&R. Doc. 31 at 1-3.

based on a settlement agreement between the parties, in which Airofog agreed to make certain changes to its pest control products to avoid confusion with B&G's products (the "Settlement Agreement"). B&G claims that Airofog breached the Settlement Agreement by failing to adhere to the following promises: to mark the AF Sprayer as "Made in China" with vinyl, destructible labels; to make the length of the spraying wands for the AF Sprayer either 7½ or 17½ inches exactly; and that the spraying wands, hose, trigger valve, and filter for the AF Sprayer would not be interchangeable with the parts of the B&G Sprayer.

Sections 3.3(a) and 3.4 of the Settlement Agreement specifically state:

> All stickers comprise vinyl, destructible labels, or some equivalent type of label which is tamper resistant, or which is made in such a manner so as not to be easily removable from the respective Products without destruction of the label itself. B&G agrees that the following types of labels are appropriate for use in connection with this sub-section: (i) Brady Defender™ destructible labels made by Brady (http://www.bradybrandprotection.com/), (ii) CAMCODE® destructible labels made by Horizons Inc. (https://www.camcode.com/), or (iii) NADCO® destructible vinyl labels [Material 7613] made by Nadco Tapes & Labels, Inc. (http://www.nadco-inc.com/index.html).
>
> ***
>
> The lengths of the wands for the AF Sprayer shall be only 7 ½ inches or 17 ½ inches, and shall not be interchangeable with wands for the current B&G Sprayer; The hose, trigger valve, and filter for the AF Sprayer shall not be interchangeable with the current B&G Sprayer; No parts for the AF Sprayer shall be interchangeable with the B&G Sprayer, except for the parts shown in Exhibit C attached hereto . . .

Doc. 1-3 (Ex. C).

Though the AF Sprayer at issue has been sold in the same configuration for over a year, B&G claims that it discovered for the first time, in December of 2018, that Airofog had been selling pest control products in violation of the Settlement Agreement. In December of 2018, B&G sent a letter requesting that Airofog cure such breaches. As Airofog failed to cure the alleged breaches, and pursuant to the express terms of the Settlement Agreement, B&G seeks injunctive

relief. It claims irreparable harm by Airofog's continued breach of the Settlement Agreement because November through February are the high time for sales of pest control products.

Rule 65(a) of the Federal Rules of Civil Procedure governs the entry of a preliminary injunction. The purpose of a preliminary injunction is to maintain the status quo until the court can enter a final decision on the merits of the case. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). A party seeking entry of a preliminary injunction must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy" and district courts should not grant it unless the movant clearly meets its burden as to each of the four prerequisites. *Id*. Thus, failure to demonstrate any one of those requirements will result in the district court's denial of the motion.

Moreover, Local Rule 4.06(b)(1) provides that a party applying for a preliminary injunction must support the allegations by specific facts shown in a verified complaint or accompanying affidavits. M.D. Fla. R. 4.06(b). *See also Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001) *aff'd*, 287 F.3d 1325 (11th Cir. 2002) (internal citations omitted) ("To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings. Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden"). But in considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

With this standard in mind, the Magistrate Judge held an evidentiary hearing to permit B&G to present evidence to meet its burden. He concluded that B&G was not entitled to a preliminary injunction. The Magistrate Judge reviewed the three bases for the alleged breaches of the Settlement Agreement. He found the following: the "Made in China" label was in breach because he could remove it with his fingers, Doc. 31 at 5; the record and evidence did not demonstrate that Airofog's wand lengths were in violation of the Settlement Agreement, *id*. at 7; and the record evidence fell short of demonstrating that Airofog's parts were interchangeable with B&G's. *Id*. at 8.

Thus, the R&R concludes that B&G demonstrated a likelihood of success on the merits as to breach of Section 3.3(a) of the Settlement Agreement. The R&R also noted that B&G attempted to enter evidence at the hearing demonstrating additional breaches including tests that allegedly proved that the AF sprayer parts were interchangeable with its sprayer, and a recent email allegedly showing consumer confusion. The Court denied the requests to admit this evidence. Doc. 31 at 8, n. 2.

But ultimately the Magistrate Judge concluded that B&G did not demonstrate irreparable harm. He afforded little weight to the Settlement Agreement's language that a breach of any of its terms constituted irreparable harm. And he concluded that B&G's substantial delay in discovering the breach, for which it provided no explanation, negated a finding of irreparable harm. Thus, the Magistrate Judge did not examine the two remaining prerequisites and recommended denial of the Motion for Preliminary Injunction.

## II. Legal Standard

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## III. Discussion

B&G objects to the Magistrate Judge's findings and argues that his conclusion that it did not demonstrate irreparable harm is legal error. It maintains that the terms of the Settlement Agreement establish irreparable harm. It also attempts to distinguish *Dragon Jade Intl., Ltd. v. Ultroid, LLC*, 8:17-CV-2422-T-27TBM, 2018 WL 1833160, at *4 (M.D. Fla. Jan. 30, 2018), the case upon which the Magistrate Judge relied because it analyzed an agreement with nearly identical terms to the those in the Settlement Agreement. *See* Doc. 31 at 9.

### a. The Contractual Provision for Irreparable Harm

As noted in *Dragon Jade*, although a contract may reflect the parties' agreement that any breach will result in irreparable harm for which no adequate remedy exists at law, such a contract provision "is not dispositive of the issue of irreparable harm, does not in and of itself create a presumption of irreparable harm, nor is it binding upon the Court." 2018 WL 1833160, at *4. In discussing the weight accorded to contractual provisions creating entitlement to injunctive relief, district courts have generally accorded them little to no weight. *See id*. (cases citied therein). *See also Anago Franchising, Inc. v. CHMI. Inc*., No. 09–60713–CIV–ALTONAG, 2009 WL 5176548, at *11 (S.D. Fla. Dec. 21, 2009) (holding that a contract provision that entitled the franchisor to an injunction without showing or proving actual damage, not alone dispositive of the issue of

5

irreparable harm); *Agilysys, Inc. v. Hall*, 258 F. Supp. 3d 1331, 1358, n. 10 (N.D. Ga. 2017) (stating that contractual provision providing that injunction must issue upon breach or threatened breach did not establish irreparable harm).

B&G asserts it has found no authority where a court has ever refused to enforce a contractual entitlement to a finding of irreparable harm. *See* Doc. 36 at 9. But it also did not cite any decision which assigned substantial weight to such a provision. The cases upon which B&G relies for the proposition that once a court finds breach, it warrants a presumption of irreparable harm as a matter of law, are distinguishable and otherwise unpersuasive. *See id*. For the cases it cited from within the Eleventh Circuit, the facts and procedural postures were not analogous to this case. *See Nike, Inc. v. Variety Wholesalers, Inc.*, 274 F. Supp. 2d 1352 (S.D. Ga. 2003) (granting permanent injunction after conducting a full trial); *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193 (M.D. Fla. July 23, 2015) (enforcing a settlement agreement through injunctive relief at the summary judgment stage of the litigation without mention of an automatic finding of irreparable harm upon breach).

Courts in other circuits have recognized that breach of a contract could create irreparable harm; but none held that breach created irreparable harm as a matter of law. *See Shred-It, USA, Inc. v. Mobile Data Shred, Inc.,* 202 F. Supp. 2d 228, 233–34 (S.D.N.Y. 2002)[3] (stating that a violation of a noncompete clause *generally* results in incalculable damages warranting finding of irreparable harm; but not holding that the presumption attached as matter of law); *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 602 (9th Cir. 1991)[4] (stating

---

[3] This case was overruled on other grounds as recognized in *Hard Rock Cafe Intern., (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 569 (S.D.N.Y. 2011) because the case analyzed dismissal on pre-Twombly standards.

[4] One case noted that *Rent-A-Center* used an outdated standard which only required a *possibility* of irreparable harm. *Nelson Levine De Luca & Hamilton, LLC v. Lewis Brisbois Bisgaard & Smith, LLP*, CV 14-3994 FMO (SHX), 2014 WL 12560690, at *4, n. 4 (C.D. Cal. July 17, 2014).

that difficulty in valuing damages *can* support a finding of irreparable harm); *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 592 (8th Cir. 1984) (affirming district court's finding that irreparable harm was supported by evidence in the record after conducting a hearing; the product at issue was unique and the movant would suffer competitive disadvantage without preliminary injunctive relief).

The Court agrees that *Delta Air Lines, Inc. v. Does*, 6:15-CV-2079-ORL-31TBS, 2015 WL 8660986, at *4 (M.D. Fla. Dec. 14, 2015) states the proposition that a presumption of irreparable harm arises when a plaintiff establishes the likelihood of success on the merits of a trademark claim. But here, the Magistrate Judge found a likelihood of success as to breach of the contract, not the underlying trademark claim. Thus, that proposition is not helpful for the instant motion. And B&G's arguments that the contract term bears directly on consumer confusion is unpersuasive.

As the Magistrate Judge concluded, the contractual provision deeming any breach of the Settlement Agreement as creating irreparable harm is neither dispositive nor binding on the Court. The movant must meet its burden to demonstrate irreparable harm by evidence in the record. B&G did not meet its burden.

### b. Substantial Delay Militates Against Irreparable Harm

B&G also argues that the Magistrate Judge did not consider the effect of Airofog's breaches on its goodwill when it found that no irreparable harm existed. But the R&R specifically cites to *Kotori Designs, LLC v. Living Well Spending Less, Inc.*, No. 2:16-CV-637-FTM-99CM, 2016 WL 6833004, at *3-4 (M.D. Fla. Nov. 21, 2016). In that case, the court denied injunctive relief when plaintiff failed "to act with requisite urgency," even though it assumed that "consumer confusion would actually harm Plaintiff's reputation and goodwill." *Id*. Thus, a finding of substantial delay negates the Court's consideration of goodwill.

B&G submits that delay is merely one factor, and the Magistrate Judge committed error by elevating it above all others. Doc. 36 at 12. B&G primarily relies on cases outside of the Eleventh Circuit. Further, B&G focuses on the fact that Airofog presented no evidence to refute that B&G discovered the breach in December 2018. It still does not address the Magistrate Judge's concerns about the complete lack of evidence surrounding the discovery and its delay. *See* Doc. 6 at 2,10; Doc. 31 at 11. Although a delay is not dispositive or necessarily fatal to finding irreparable harm, it does militate against such a finding because a preliminary injunction requires imminence. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016); *Mortensen v. Mortgage Electronic Registration Systems, Inc.,* 2010 WL 11425328, *8 (S.D. Ala. Dec. 23, 2010) ("[U]nexplained delay may ... preclude the granting of preliminary injunctive relief ... because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief") (citation omitted).

### c. Likelihood of Success on the Merits

Finally, B&G contests the R&R's conclusion that it did not demonstrate that Airofog breached Section 3.4(a) of the Settlement Agreement. The Magistrate Judge denied admission of certain evidence at the hearing because B&G did not timely submit the evidence under the Local Rules. *See* Doc. 31 at 8, n. 2.[5] It argues that the evidence already in the record, the Verified Complaint, motion, and affidavits demonstrated that Airofog's spraying wands were the incorrect length and the sprayer's parts are otherwise interchangeable with the B&G Sprayer. Doc. 36 at 16. The Magistrate Judge concluded this evidence was insufficient. The Court agrees.

Further, B&G and AiroFog submitted conflicting declarations on whether Airofog's sprayer parts were interchangeable with B&G's sprayer parts. With that evidence, and a third

---

[5] Airofog contends that the issue of breach as to Section .3 of the Settlement Agreement is moot because it voluntarily fixed the issues with the "Made in China" label. *See* Doc. 38 at 11.

party's advertisement, the Magistrate Judge concluded that B&G did not meet the substantial likelihood of success on the merits as to breach of Section 3.4 of the Settlement Agreement. This Court, upon a *de novo* review, agrees with that finding.

**IV.   Conclusion**

B&G did not meet its heavy burden to demonstrate the most important prerequisite for issuance of a preliminary injunction: irreparable harm. Certainly, it has demonstrated that it may suffer some harm, but not the kind that warrants a drastic remedy such as a preliminary injunction. As such, the Court will adopt the R&R and deny the motion for preliminary injunction.

Accordingly, it is now **ORDERED**:

(1)   B&G Equipment Company, Inc.'s Objection (Doc. 37) is **OVERRULED**.

(2)   The Report and Recommendation of the Magistrate Judge (Doc. 31) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3)   The Motion for Preliminary Injunction (Doc. 6) is **DENIED** .

**DONE AND ORDERED** at Tampa, Florida on June 20, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Anthony E. Porcelli
Counsel of Record